AO 91 (Rev. 11/11)  Criminal Complaint

**United States District Court**
~~Southern District Of Texas~~

# UNITED STATES DISTRICT COURT

**FILED**

for the

**NOV 2 6 2019**

Southern District of Texas

**David J. Bradley, Clerk**

| | |
|---|---|
| United States of America<br>v.<br><br>Brian Austin IBARRA YOB: 1998 USC<br>Enrique FLORES-BANDA YOB: 1993  USC<br>Jose Carlos MONTERROSA-SOLIS YOB:1996<br>El Salvador<br><br>_Defendant(s)_ | )<br>)<br>)  Case No.  M-19-2902-M<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____November 25, 2019_____ in the county of _____Hidalgo_____ in the

_____Southern_____ District of _____Texas_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 924(a)(1)(A) and 2(a)<br>18 USC 922(g)(5)(A) | Whoever knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a federally licensed firearms dealer.<br>An alien who is illegally and unlawfully in the United States possesses a firearm which has previously traveled in and affected interstate commerce. |

This criminal complaint is based on these facts:

See Attached Affidavit

☐ Continued on the attached sheet.

_Complainant's signature_

**ATF Special Agent David B. Weiss**
_Printed name and title_

Approved by

Sworn to before me and signed in my presence.

Date: _____11/26/2019_____

_Judge's signature_

**J. Scott Hacker, US Magistrate Judge**
_Printed name and title_

City and state: _____McAllen, Texas_____

AFFIDAVIT

This affidavit is in support of a criminal complaint charging Brian Austin IBARRA (hereinafter referred to as "IBARRA"), Enrique FLORES-BANDA (hereinafter referred to as "FLORES-BANDA"), and Jose Carlos MONTERROSA-SOLIS, with the criminal violation of federal firearms law. The evidence available to me demonstrates that there is probable cause that FLORES-BANDA aided and abetted IBARRA in violating Title 18 U.S.C. Section 924(a)(1)(A) which provides as follows: Whoever, knowingly makes any false statement or representation with respect to the information required to be kept in the records of a federal firearms licensee (FFL). And that MONTERROSA-SOLIS possessed a firearms which had traveled or affected interstate commerce while being an illegal alien unlawfully present in the United States in violation of Title 18 USC 922(g)(5)(A).

Further, the Affiant states as follows: \

On or about November 25, 2019, ATF Agents, to include your affiant, and a HSI Agent were conducting surveillance in the area of a Federal Firearms Licensee (FFL) located in Hidalgo County, Texas when agents observed IBARRA exit the location of the FFL. The FFL informed Agents that IBARRA had purchased a firearm. ATF/HSI agents maintained surveillance once IBARRA departed from the FFL.

ATF/HSI agents followed IBARRA to an Edinburg, Texas apartment complex where IBARRA parked in the apartment complex. IBARRA parked next to a vehicle bearing Mexican license plates. IBARRA exited the vehicle with a firearm box and made contact with FLORES-BANDA. ATF/HSI Agents observed the subjects return to their vehicles and proceed to exit the apartment parking lot.

Agents observed IBARRA stop and exit his vehicle with the aforementioned firearm box and began to run towards the rear of the apartment complex. Agents made contact with IBARRA, at which time IBARRA stated that the firearm box was empty and that he had given the firearm to FLORES-BANDA.

Agents made contact with FLORES-BANDA. Agents then looked under the vehicle, at which time Agents observed, in plain view, a wooden stock of what appeared to be an AK style rifle attached to the undercarriage of the vehicle with white, plastic zip ties. Following discovery of the firearm, FLORES-BANDA and IBARRA were subsequently detained and transported to the ATF McAllen Field Office to be interviewed. Also present at the time was MONTERROSA-SOLIS, a passenger in FLORES-BANDA's vehicle.

Post Miranda interview of IBARRA revealed that IBARRA was recruited by FLORES-BANDA to purchase a firearm for FLORES-BANDA. IBARRA stated that FLORES-BANDA provided IBARRA with the money to purchase the firearm. IBARRA stated he was paid approximately $50.00 USD for the purchase of the firearm, for his profit. IBARRA admitted to making a false statement on ATF Form 4473 when he indicated that he was the actual purchaser when in fact, he was purchasing the firearms for FLORES-BANDA. IBARRA stated that he purchased the firearm knowing that the intended destination for the aforementioned firearm was Mexico.

Post-Miranda interview of FLORES-BANDA revealed that FLORES-BANDA provided IBARRA with the money to purchase the firearm. FLORES-BANDA stated that he directed IBARRA to purchase the firearm on his behalf. FLORES-BANDA stated that he knew that having IBARRA purchase the firearm on his

1

behalf was illegal. FLORES-BANDA stated that he told IBARRA that the intended destination of the firearm was Mexico.

During a Post Miranda interview, MONTERROSA-SOLIS stated he took possession of the aforementioned firearm from FLORES-BANDA. MONTERROSA-SOLIS stated he was instructed by that individual to secure the firearm to the undercarriage of vehicle. Additionally, MONTERROSA-SOLIS stated he utilized zip ties provided to him by FLORES-BANDA to secure the firearm to the undercarriage of the vehicle. Furthermore, during the post-Miranda interview of FLORES-BANDA, he indicated that on at least three previous occasions that MONTERROSA-SOLIS had participated in the transport of firearms and that FLORES-BANDA has paid MONTERROSA-SOLIS approximately forty dollars on each occasion to aid and abet the transport of the firearms.

Homeland Security Investigations (HSI) conducted a field immigration status interview and confirmed that MONTERROSA-SOLIS is a citizen and national of El Salvador, who does not have any immigration documents allowing him to remain or reside in the United States legally. An HSI agent advised your affiant that MONTERROSA-SOLIS admitted to entering into the United States in 2019 by crossing the Rio Grande River. Due to MONTERROSA-SOLIS lack of non-immigrant status in the U.S., ATF determined that MONTERROSA-SOLIS is prohibited from possessing firearms and ammunition, in violation of Title 18 United States Code 922(g)(5)(A).

An ATF Special Agent firearm nexus expert examined the aforementioned firearm and determined the firearm was manufactured outside the state of Texas and therefore traveled in and affected interstate commerce.

2